IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

**WESTERN SURETY COMPANY,**

      **Plaintiff,**

  **v.**                                      **1:12-cv-1309-WSD**

**MOONEY CONSTRUCTION, INC.,
TIMOTHY MOONEY, and DARCY
MOONEY,**

      **Defendant.**

## OPINION AND ORDER

This matter is before the Court on Defendants Mooney Construction, Inc. ("Mooney"), Timothy Mooney, and Darcy Mooney (collectively, "Defendants")'s Motion to Stay Enforcement of the Judgment [49].

## I.   BACKGROUND

On July 1, 2013, the Court granted summary judgment in favor of Plaintiff Western Surety Company ("Western") and awarded Western $2,803,540.00 pursuant to an indemnification agreement the parties executed in connection with Western's issuance of surety bonds to Defendants. These bonds, issued on March 17, 2006, were intended to guarantee Defendants' performance on construction

projects for the City of Atlanta, the County of Gwinnett, and the Georgia State Financing and Investment Commission ("GSFIC").  On or about February 11, 2011, GSFIC notified Western that GSFIC had terminated Mooney for default on its construction project and that GSFIC had, at its own expense, completed substantial portions of the GSFIC project.  When Western demanded that Mooney make collateral payments, as required by the terms of the parties' indemnity agreement, Defendants refused, and Western filed this action.

Defendants move, pursuant to Federal Rule of Appellate Procedure 8, to stay enforcement of the judgment pending appeal.[1]  Defendants argue that Western's damages claim of $2,803,540.00 was overstated, and that $1,852,682.70 of that amount represented a claim for collateral against future claims that may never materialize.  Defendants contend that Western settled two claims – including one submitted by Pope Construction Services, Inc. – after Western moved for summary judgment motion but before the Court granted the motion.  Defendants allege that these claims, which accounted for $1.7 million of the $1,852,682.70 collateral that Western requested, were settled for only $860,000.  Defendants state that Western neglected to inform the Court that its damages claim against Defendants had "dramatically changed" and, as a result, the Court's judgment overstated Western's

---

[1] Defendants filed a notice of appeal on July 31, 2013.

damages by approximately $840,000.

Defendants further argue that the $2.8 million judgment exceeds all the assets collectively owned by Defendants and that if Western executes the judgment, Defendants will be irreparably injured, required to file for bankruptcy, will likely lose their family home, and be unable to provide for their infant children.

## II.   DISCUSSION

### A.   Legal Standard

Federal Rule of Appellate Procedure 8 permits a party to apply to the district court for "a stay of the judgment or order of a district court pending appeal." Fed. R. App. P. 8(a)(1)(A).[2] The parties agree that in evaluating whether to grant a stay, the Court applies Federal Rule of Civil Procedure 62.[3]

Rule 62(d) provides that: "If an appeal is taken, the appellant may obtain a stay by supersedeas bond . . . The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect

---

[2] The Court retains jurisdiction to grant a stay of its judgment, despite the filing of a notice of appeal. See Rakovich v. Wade, 834 F.2d 673, 674 (7th Cir. 1987) ("a notice of appeal does not deprive the district court of jurisdiction over a motion for stay of its judgment").

[3] Defendants cited cases applying Rule 62(c), but that Rule applies to injunctions pending an appeal. Rule 62(d) applies to stays of a judgment for money damages.

when the court approves the bond." Fed. R. Civ. P. 62(d).

Defendants may obtain a stay as of right upon payment of adequate supersedeas bond approved by the Court. "The purpose of a supersedeas bond is to preserve the status quo while protecting the non-appealing party's rights pending appeal. . . . [T]he bond secures the prevailing party against any loss sustained as a result of being forced to forgo execution on a judgment during the course of an ineffectual appeal." Poplar Grove Planting and Refining Co. v. Bache Halsey Stuart, Inc., 600 F.2d 1189, 1190–91 (5th Cir. 1979). "If a court chooses to depart from the usual requirement of a full security supersedeas bond to suspend the operation of an unconditional money judgment, it should place the burden on the moving party to objectively demonstrate the reasons for such a departure." Id. at 1191. See also Athridge v. Iglesias, 464 F.Supp.2d 19, 23–24 (D.D.C. 2006) ("a full supersedeas bond should be the requirement in normal circumstances") (citations omitted).

Defendants here request to be relieved of the obligation to post a supersedeas bond because they believe paying either the bond or the judgment will likely force them into bankruptcy.[4] Defendants argue that a stay is the only meaningful way for them to preserve their opportunity to appeal the judgment

---

[4] Defendants also state they are unlikely to be able to find a surety to post a bond.

4

entered in this case because, if Western is permitted to execute the judgment, the financial damage to Defendants and their children will be irreparable.  Defendants also argue there will be little harm to Western, a part of CNA Insurance, if the stay is granted because the appeal will likely conclude in a matter of months and Western does not require the judgment to be paid to continue its normal business operations.

The Court finds that a stay should be granted only if Defendants post a supersedeas bond.  Defendants have not provided any evidence – for instance, sworn affidavits or financial documents – to support their claim of inability to pay the judgment, or even a portion of it.  Defendants did not submit any evidence at all regarding their current financial state, and under these circumstances, Western's interest in protecting its judgment particularly great.  The Court's "power to waive the requirement of a supersedeas bond . . . has been exercised only in extraordinary circumstances and only where alternative means of securing the judgment creditor's interest were available." Tara Prods., Inc. v. Hollywood Gadgets, Inc., 2011 WL 4020855, at *2 (S.D. Fla. Sept. 9, 2011) (quoting Grand Entm't Group, Ltd. v. Star Media Sales, Inc., No. 86–5763, 1992 WL 114953, at *2 (E.D. Pa. May 18, 1992)).  Defendants here have not demonstrated extraordinary circumstances and have not proposed an alternative means to protect Western's

interest.  See Grand Entm't Group, 1992 WL 114953, at *2 ("It is the appellant's burden to demonstrate objectively that posting a full bond is impossible or impractical; likewise, it is the appellant's duty to propose a plan that will provide adequate (or as adequate as possible) security for the appellee.").  Accordingly, the Court declines to exercises its discretion to stay its judgment without requiring Defendants to post a supersedeas bond.  The Court approves a supersedeas bond in $2,803,540.00, the amount of the judgment.  If Defendants elect to post a bond for that amount, the judgment entered on July 1, 2013, will be stayed.  Fed. R. Civ. P. 62(d).

## III. CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendants Mooney Construction, Inc., Timothy Mooney, and Darcy Mooney's Motion to Stay Enforcement of the Judgment [49] is **GRANTED** conditioned upon Defendants first posting a superseadeas bond in the amount of $2,803,540.00, evidence of which should be filed in this action on or before November 29, 2013.   If the evidence shows that the bond purchased complies with this Order, the enforcement of the judgment entered in this action will be stayed pending Defendants' appeal.

**SO ORDERED** this 14th day of November 2013.

_William S. Duffey_
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE